By the Court.
It appears from the evidence offered by the state upon the trial of .the accused on this indictment charging murder in the first degree that the defendant and deceased were strangers to each other and had never met before the day of the homicide. On that day the defendant came into the deceased’s place of business and while there became engaged in a violent quarrel and dispute with the deceased, and then and there threatened to kill the deceased and menaced him with a revolver. The deceased was prevented from engaging in a personal conflict with the defendant by friends of his who were then in his place of business. The altercation between them lasted for some minutes. The defendant’s conduct was boisterous and his language threatening and abusive, and it does not appear that there was any reasonable cause whatever for the quarrel. After some time, however, he put the revolver in his pocket; went out of the deceased’s place of business and along the street some *242 distance from the. place where the dispute had arisen. The deceased then left his place of business and followed the defendant, passed him and spoke to him. The defendant then went down an alley and into a lot, and shortly thereafter came back upon the street. The deceased was waiting for him and approached him and took hold of his arm. The defendant broke away from him and the deceased again took hold of the defendant’s arm and again the defendant broke away from him. The deceased took hold of defendant’s arm a third time and this time the defendant made an effort to get away from the deceased, but was unable to do so, and while the deceased was still holding him defendant shot and killed him.
This evidence offered by the state wholly fails to show deliberate and premeditated malice at the time defendant shot and killed the deceased, and there being no other or further evidence of this essential element of the crime of murder in the first degree, the verdict of the jury in that particular is not sustained by any evidence and is contrary to law. .

Judgment reversed and cause remanded.

Shauck, Johnson, Donahue and Newman, JJ., concur.
Nichols, C. J., and Wanamaker, J., dissent.